UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF                                     CIVIL ACTION
ARROWHEAD CAPITAL FINANCE
LTD.
                                                         NO. 24-2191

                                                         SECTION "R" (1)

## ORDER AND REASONS

Before the Court is appellee Arrowhead Capital Finance, Ltd.'s ("Arrowhead") opposed[1] motion to dismiss[2] the appeal of Picture Pro LLC ("Picture Pro") and Royal Street Bistro LLC ("RSB") from the final judgment of the U.S. Bankruptcy Court for the Eastern District of Louisiana. For the following reasons, the Court grants Arrowhead's motion.

## I. BACKGROUND

On August 29, 2024, the U.S. Bankruptcy Court for the Eastern District of Louisiana entered a final judgment in favor of plaintiff Arrowhead against defendants Picture Pro and RSB in the total amount of $233,548.51.[3] Picture Pro and RSB filed a notice of appeal on September 5, 2024, without attaching

---

[1]  R. Doc. 3.
[2]  R. Doc. 2.
[3]  See R. Doc. 1-1.

the bankruptcy court's final judgment.[4] On September 6, 2024, the Clerk of the Bankruptcy Court marked the notice of appeal as deficient for failure to attach the judgment being appealed and directed appellants to submit a corrected filing by September 9, 2024.[5] Appellants filed a corrected notice of appeal with an attached copy of the final judgment 10 days later on September 19, 2024.[6]

Arrowhead now moves to dismiss appellants' notice of appeal as untimely because appellant did not file a corrected notice of appeal until after the applicable 14-day deadline to appeal under Fed. R. Bankr. P. 8002(a) (requiring a notice of appeal to be "filed within 14 days after entry of the judgment, order, or decree being appealed").[7] The Court considers the motion below.

## II.  LAW AND ANALYSIS

A notice of appeal from bankruptcy proceedings must be filed within 14 days after entry of the judgment. Fed. R. Bankr. P. 8002(a)(1). Additionally, the notice of appeal must be "accompanied by the judgment or

---

[4]  *In re: Murray et al. v. Picture Pro, LLC et al.,* Bankr. E.D. La., No. 21-1033, R. Doc. 213.
[5]  *Id.* R. Doc. 214.
[6]  *Id.* R. Doc. 215.
[7]  R. Doc. 2.

the appealable order or decree from which the appeal is taken." Fed. R. Bankr. P. 8003(a)(3). An appellant's failure to timely file a notice of appeal is jurisdictional. Fed. R. Bankr. P. 8003(a)(1). But the appellant's failure to take any other procedural step provides grounds for the district court to "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). The issue here then is whether appellants' failure to attach an appealable order to their notice and comply with Rule 8003(a)(3) is jurisdictional, which requires dismissal, or procedural, which permits dismissal at the Court's discretion.

The two Fifth Circuit cases addressing this issue point in opposite directions. In *In re Cleveland Imaging and Surgical Hospital LLC*, the Fifth Circuit held categorically that it "lack[ed] jurisdiction" to consider a dismissal order that had not been attached to appellants' notice of appeal because the "notice failed to comply with Rule 8003." 26 F.4th 285, 293 (2022). More recently, in the unpublished *Matter of Mahadevan*, the Fifth Circuit concluded that a district court did not "abuse[] its discretion in dismissing [an] appeal" for appellants' failure to "include the orders that were the subject of the appeal" as required by Rule 8003. No. 23-20512, 2024 WL 3292744, at *1 (5th Cir. July 3, 2024).

3

Because *Mahadevan* was not published, this Court follows the interpretation of Rule 8003 in *Cleveland Imaging*. *See, e.g., Ballard v. Burton*, 444 F.3d 391, 401 n. 7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling, but may be persuasive authority."). Moreover, even if *Cleveland Imaging* and *Mahadevan* were both published opinions, *Cleveland Imaging* would control as the earlier of the two. *See, e.g., United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002) (per curiam) (declining to follow later issued opinion to the extent it was inconsistent with earlier issued opinion because "one panel may not overrule a prior panel opinion and the earlier precedent holds"); *see also Wilson v. Taylor*, 658 F.2d 1021, 1034 (5th Cir. 1981) ("[W]hen a panel is confronted with two contradictory holdings in this circuit, the court in the latter case would be deemed without power to disregard the precedent established by the earlier panel."). The Court therefore concludes that appellants' failure to attach the order to be appealed to their notice of appeal is jurisdictional. In failing to attach the order within the 14-day time limit, appellants failed to timely file a notice of appeal. Therefore, the appeal must be dismissed.

In the alternative, if appellants' error is not jurisdictional, the Court exercises its discretion to dismiss the appeal for failure to attach an

appealable order pursuant to Rule 8003(a)(3) within the time prescribed for filing a notice of appeal. Appellants filed a deficient notice of appeal on September 5, 2024,[8] seven days after the bankruptcy court entered a final judgment.[9] The next day, the Court, through its clerk, issued a notice identifying appellants' filing as deficient and directing appellants to correct the deficiency within 2 business days.[10] Appellants did not comply with the Court's directive. Had they done so, their appeal would have been timely. Instead, appellants filed a corrected notice of appeal two weeks after their initial deficient filing and 21 days after the bankruptcy court entered its final judgment.[11] This filing occurred after the expiration of the time limit to appeal a bankruptcy judgment. *See* Fed. R. Bankr. P. 8002(a)(1).

Appellants provide no reason justifying their failure to timely comply with the Federal Rules of Bankruptcy Procedure or the directive of the Court.[12] Appellants are sophisticated parties who have already appealed

---

[8]  *See In re: Murray et al. v. Picture Pro, LLC et al.*, Bankr. E.D. La., No. 21-1033, R. Doc. 213.
[9]  *Id.* R. Doc. 211.
[10] *Id.* R. Doc. 214.
[11] *Id.* R. Doc. 215.
[12] Appellants argue that that Arrowhead "waived" the requirements of Rules 8002 and 8003 by filing a counter-designation of additional documents, as required by Federal Rule of Civil Procedure 8009(a)(2). *See* R. Doc. 3 at 2 (discussing *In re: Murray et al. v. Picture Pro, LLC et al.*, Bankr. E.D. La., No. 21-1033, R. Doc. 226). But Arrowhead explicitly preserved its objections to jurisdiction in its counter-

multiple orders in connection with these bankruptcy proceedings. *See, e.g.*, *In re Royal St. Bistro, LLC*, No. 21-2285, 2022 WL 6308294 (E.D. La. Sept. 23, 2022), *appeal dismissed sub nom.*, *Matter of Royal Alice Properties, LLC*, No. 22-30629, 2022 WL 1936390 (5th Cir. Nov. 22, 2022); *In re Royal Alice Properties, LLC*, No. 22-4165, 2023 WL 3687437 (E.D. La. May 26, 2023) (granting in part Arrowhead's motion to dismiss Picture Pro's appeal as untimely). The Clerk of Court gave appellants notice of their deficiency with substantial time to file a compliant notice of appeal before the expiration of the 14-day deadline expired,[13] which appellants ignored at their own peril. Therefore, insofar as the failure to comply with Rule 8003(a)(3) is a matter of the Court's discretion, the Court dismisses RSB and Picture Pro's appeal.

---

designation. *In re: Murray et al. v. Picture Pro, LLC et al.,* Bankr. E.D. La., No. 21-1033, R. Doc. 226.

[13] *Id.* R. Doc. 214.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Arrowhead's motion to dismiss the appeal of Picture Pro and RSB. The Court DISMISSES Picture Pro and RSB's appeal from the final judgment of the U.S. Bankruptcy Court for the Eastern District of Louisiana. Appellee's motion for expedited review of it motion to dismiss[14] and appellants' motion to stay[15] are therefore now moot.

New Orleans, Louisiana, this __14th__ day of November, 2024.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 7.
[15] R. Doc. 11.